Battle, J.
The jurisdiction of the Court of Equity in cases of the kind before us, is undoubted. • u But the mere poverty of the executor does not authorize the court against the will of the testator, to remove him by putting, a receiver in his place. There must be in addition some maladministration, or some danger, of loss from the misconduct or negligence of the executor, for which he will not b'e able to answer by reason of his insolvency. That That seems to be the well settled rule.”- Fairbairn vs. Fisher, 4 Jones Eq. 390. Hence, .where the condition of the executor in property or credit, has not been changed for the worse since the making of the will and the death' of the testator, the court will not interfere. Such, it is contended by the counsel for the' defendant Harries, is the ease with him.' He admits in his answer that at the death of his father he had.been u unlucky in business” and was embarrassed with ■ debt, but he alleges that this circumstance was well known to his father when hb appointed him one of his executors, and he avers that his pecuniary condition has somewhat improved since then. If it were true, that the full extent of his indebtedness was known to his testator at the time when he appointed him an executes, and also true, that ¿lis’pecuniary embarrassments had not increased - since, then the court would not be authorized to remove him, nor ta interfere with his management of the estate. But is that true ? "We think not. The bill charges that the defendant Harriss, had, in the lifetime of *43 the testator been appointed guardian of one Joseph "White-side, a lunatic, and as such had given a bond to which the testator was one of the sureties, and that since the testator’s death, it had been ascertained by a committee of the County Court by which the appointment had been made, that he was'indebted to his ward in the sum of ten thousand dollars. This allegation is admitted in the answer, yét the defendant does not say that he has the assets of his ward in his hands ready, to -be accounted for, or that he has funds of hi3 own wherewith to pay oil the def>t. He states only that there were good sureties besides his father, to thet guardian bond. The plain inference .‘from these admissions and statemants is, that he had wasted or misapplied the effects of his ward, and was unabled to make good his default.’ This very bad condition of his-affairs does not seem to have been known to his lather, and having come to light since the testator’s death, fully-justified the court below in refusing to dissolve the injunction, from which the -appeal was taken. As the case comes before us tip on an appeal from an interlocutory order, and as we do not discover any error in that order, we can only affirm it, and send a certificate to that effect to the court where the cause is still pending. Any motions for a change of the order made in the court below, must be addressed to that ■court. • . ,